1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 19-24290-CIV-GRAHAM

U.S. SECURITY ASSOCIATES, INC., and
UNIVERSAL PROTECTION SERVICE, LLC
d/b/a ALLIED UNIVERSAL SECURITY
SERVICES,

Plaintiffs,

v.
PEDRO CAMPOS and KEYS NIGHT
GUARD SERVICE LLC,

Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court upon Plaintiff's Motion for Default Judgment. [D.E. 28].

**THE COURT** has reviewed the Motion, pertinent portions of the record, and is otherwise fully advised in the premises. Based thereon, Plaintiff's Motion is hereby **GRANTED.**

**I.   BACKGROUND**

Defendant Campos was a former employee of Plaintiff. As part of his employment with Plaintiff, Defendant Campos entered into an Employment Agreement containing several restrictive covenants prohibiting Defendant Campos from soliciting, diverting, hiring, or taking away for any competing business, any of Plaintiff's

2

employees or clients, and prohibiting Defendant Campos from using or disseminating Plaintiff's confidential information.

Despite these restrictive covenants, Campos openly discussed with coworkers his plan to use Plaintiff's confidential information to take business and employees away from Plaintiff. After resigning from his employment with Plaintiff, Defendant Campos formed a new security company, Defendant Keys Night Guard Service, LLC, and solicited two of Plaintiff's long-term clients.

On October 17, 2019, Plaintiff filed a Complaint against Defendants alleging breach of contract, tortious interference with a business expectancy, tortious interference with a contract, and violations of the Defend Trade Secrets Act [D.E. 1]. Defendants Campos and Keys Night Guard Service, LLC, were served on November 20, 2019, and October 29, 2019, respectively. Both Defendants failed to file an answer or responsive pleading to the Complaint. A Clerk's Default was entered against Defendant Keys Night Guard Service, LLC on December 12, 2019, and against Defendant Campos on January 2, 2020 [D.E. 21, 23]. On April 3, 2020, Plaintiff filed the instant Motion for Final Default Judgment, seeking monetary damages and injunctive relief [D.E. 28].

**II.  DISCUSSION**

    **a. Default Judgment**

3

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter a party's default.

Fed. R. Civ. P. 55(a).

Pursuant to Rule 55(b), if the plaintiff's claim seeks relief that is not a sum certain or a sum that can be made certain by computation, the party must apply to the Court for a default judgment.

In this case, the record reveals that the Plaintiff has properly served Defendants by personal service. Despite proper service, Defendants failed to answer or otherwise respond to the Complaint. Plaintiff seeks both monetary damages and injunctive relief, and therefore, has applied to this Court for Final Default Judgment.

    b. **Damages**

       Compensatory Damages

A District Court need not conduct a damages hearing prior to entering a default judgment "where all essential evidence is

4

already of record." Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc., 743 F. App'x 390, 393 (11th Cir. 2018).

In the instant case, the Plaintiff has provided an affidavit of Jose Ubieta, Plaintiff's Senior Regional Vice President for the Southeast Region. Mr. Ubieta attests to the fact that the two client accounts Plaintiff lost to Defendants generated an average monthly profit of $3,028.89, collectively. Plaintiff requests compensatory damages in the amount of two years of lost profits, totaling $72,692.64. The Court finds this request to be reasonable in light of the fact that the Plaintiffs serviced one of these clients for five years, and the other for ten years, prior to Defendants' interference.

Exemplary Damages

Plaintiff seeks exemplary damages pursuant to 18 U.S.C. § 1836 (Defense of Trade Secrets Act). 18 U.S.C. § 1836(b)(3)(c) provides, where a trade secret is willfully and maliciously misappropriated, a plaintiff is entitled to exemplary damages in an amount not more than double the actual or unjust enrichment damages.

The DTSA defines "trade secret" as "all forms and types of financial, business, scientific, technical, economic, or engineering information" if (a) the owner thereof has taken reasonable measures to keep such information secret; and (b) the

5

information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information. 18 U.S.C. § 1839(3).

The DTSA defines "misappropriation" as the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." § 1839(5)(A).

Plaintiff argues that Defendants misappropriated Plaintiff's trade secrets by using confidential client information, employee information, pricing structure, and operation details obtained during Defendant Campos' employment with Plaintiff to solicit Plaintiff's employees and clients. Plaintiff further argues that Defendants acted willfully, evidenced by Defendant Campos' open discussions of his plan to use and disclose Plaintiffs' trade secret information prior to his resignation. Plaintiff, therefore, requests $145,385.28, the maximum amount of exemplary damages available under the statute.

While the Court agrees that the Defendants willfully misappropriated Plaintiff's confidential business information, the Court finds that an award of one and a half times the amount of compensatory damages, totaling $109,038.96, is just.

6

**c. Injunctive Relief**

To obtain a permanent injunction, a plaintiff must show (1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weighs in his favor; and (4) that a permanent injunction would not disserve the public interest. <u>Barrett v. Walker Cty. Sch. Dist.</u>, 872 F.3d 1209, 1229 (11th Cir. 2017) (<u>citing</u> <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)).

<u>Irreparable injury</u>

Pursuant to Fla. Stat. § 542.335(1)(j), "the violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." However, "to benefit from the presumption of irreparable injury, the party seeking to enforce a covenant not to compete must show that the covenant protects a legitimate business interest as defined by section 542.335(1)(b) and that the covenant was violated." <u>Office Depot, Inc. v. Babb</u>, No. 20-CV-80407, 2020 WL 1306984, at *4 (S.D. Fla. Mar. 19, 2020)(citation omitted).

Fla. Stat. § 542.335(1)(b) provides a list of legitimate business interests, which includes valuable confidential business or professional information, and substantial relationships with specific prospective or existing clients.

7

Pursuant to the restrictive covenant found in Defendant Campos' employment contract with the Plaintiff, Defendant Campos was prohibited from soliciting Plaintiffs' customers, soliciting Plaintiffs' employees, and using or disseminating Plaintiffs' confidential information. Despite the terms of this contract, Defendant Campos did use confidential information obtained during his employment with Plaintiff to solicit two of Plaintiff's long-term clients. The Defendants' use of Plaintiff's confidential business information, including client information, operational details, and pricing information, as well as the Defendants' interference with Plaintiff's relationships with its clients, constitutes irreparable harm to Plaintiff's legitimate business interests.

### Inadequacy of Remedies at Law

Generally, where a party suffers irreparable harm, remedies at law are inadequate. Barrett v. Walker Cty. Sch. Dist., 872 F.3d 1209, 1229 (11th Cir. 2017)(citing Deerfield Med. Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981)("An injury is 'irreparable' only if it cannot be undone through monetary remedies.")). Further, "when an employee has access to confidential business information crucial to the success of an employer's business, that employer has a strong interest in enforcing a covenant not to compete because other legal remedies

8

often prove inadequate." Proudfoot Consulting Co. v. Gordon, No. 06-80959-CIV, 2008 WL 11333230, at *30 (S.D. Fla. Apr. 15, 2008).

The harm that Plaintiff has, and will continue to, suffer as a result of its confidential information being misappropriated, threatens the Plaintiff's competitive advantage in the market. Furthermore, the Defendants' continued interference with Plaintiff's client relationships would be detrimental to the Plaintiff's business such that damages alone are inadequate to remedy the Plaintiff's injuries, or to protect the Plaintiff's interests in the future.

### Balance of Hardships and Service of Public Interest

In enforcing restrictive covenants, the courts "shall not consider any individualized economic or other hardship that might be caused to the person against whom enforcement is sought." Fla. Stat. Ann. § 542.335(1)(g).

In the instant case, the only hardship to the Defendants involves a potential loss of business profits due to their inability to solicit Plaintiff's clients, and to retain, disseminate, disclose, or otherwise use confidential information obtained during Defendant's employment with Plaintiff. The injunction sought by Plaintiff does not prohibit Defendants from providing security services and generating revenue generally, but

9

simply prohibits the poaching of Plaintiff's clients in violation of the restrictive covenant agreed to by Defendant Campos.

Finally, the public interest weighs in favor of granting the injunctive relief sought. "[F]reely bargained for, agreed to, and executed, covenants not to compete are in the public interest and necessary to encourage business expansion and growth." Sexual MD Sols., LLC v. Wolff, No. 20-20824-CIV, 2020 WL 2197868, at *25 (S.D. Fla. May 6, 2020)(citing Office Depot, Inc. v. Babb, No. 20-CV-80407, 2020 WL 1306984, at *4 (S.D. Fla. Mar. 19, 2020)).

The Plaintiff has shown that it has suffered an irreparable injury for which remedies at law are inadequate. Further, the balance of hardships and the public interest both weigh in favor of granting the injunctive relief sought.

For the foregoing reasons, Plaintiff's request for injunctive relief is hereby GRANTED.

### III. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment [D.E. 28] is **GRANTED**. Judgment is hereby entered in favor of Plaintiff and against Defendants Pedro Campos and Keys Night Guard Service LLC. It is further

**ORDERED AND ADJUDGED** that Plaintiff shall recover compensatory damages from Defendants in the amount of Seventy-Two Thousand, Six Hundred and Ninety-Two dollars and 64/100 Cents

10

($72,692.64), and exemplary damages in the amount of One Hundred and Nine Thousand, Thirty-Eight dollars and 96/100 Cents ($109,038.96). It is further

**ORDERED AND ADJUDGED** that the total default final judgment amount of One Hundred and Eighty-One Thousand, Seven Hundred and Thirty-One dollars and 60/100 cents ($181,731.60) shall bear interest from the date of this judgment at the rate prescribed by 28 U.S.C. §1961, all for which let execution issue forthwith in accordance with Federal Rule of Civil Procedure 69(a). It is further

**ORDERED AND ADJUDGED** that a permanent injunction is issued. Defendants, their affiliates, agents, partners, servants and employees, or anyone acting with their authorization or on their behalf, are hereby enjoined as follows:

(i) For a period of two (2) years, Defendants are prohibited from soliciting business from any customer who was a customer of U.S. Security during the last year of Defendant Campos' employment within the geographic territory for which Defendant Campos was responsible, necessarily including but not limited to any customer for which Campos was responsible;

(ii) For a period of two (2) years, Defendants are prohibited from soliciting the employment of any

11

        person employed by U.S. Security during the last year of Campos's employment for the purpose of offering employment competitive to Plaintiffs;

(iii) Defendants are prohibited from retaining, disseminating, disclosing, or otherwise using any confidential information or trade secret of Plaintiff, including client information, pricing information, operational details, and employee information that is still in Defendant Campos' possession.

It is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall **CLOSE** this case and all other pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of May, 2020.

                                              s/ Donald L. Graham
                                              DONALD L. GRAHAM
                                              UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record